UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD HAMILTON,<br><br>            Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | No.  2:14-cv-00392-KJM-CMK<br><br><br>ORDER |

Floyd Hamilton brings this action for judicial review of a decision by the Commissioner of Social Security under 42 U.S.C. § 405(g).  Hamilton is represented by counsel in this action, which was referred to a United States Magistrate Judge pursuant to Local Rule 302(c)(15).  On September 14, 2015, the magistrate judge filed findings and recommendations and recommended the matter be remanded to the Commissioner to further develop the evidentiary record with respect to Hamilton's mental impairments.  ECF No. 25.  The Commissioner filed timely objections.  ECF No. 26.  For the following reasons, the court declines to adopt the magistrate judge's recommendation and affirms the ALJ's decision.

I.     BACKGROUND

The parties do not object to the magistrate judge's summary of this case's procedural history, which the court adopts in full.  *See United States v. Reyna-Tapia*, 328 F.3d

1

1114, 1121 (9th Cir. 2003) (en banc) (the court need not "review, de novo, findings and recommendations that the parties themselves accept as correct"); *Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). For ease of reference, the court reproduces that summary in full here:

> Plaintiff applied for social security benefits on April 20, 2011, alleging an onset of disability on August 22, 2010, due to depression, anxiety, paranoia, diabetes, high blood pressure, and a right hand problem (Certified administrative record ("CAR") 61, 73, 74, 144, 160–61). Plaintiff's claim was denied initially and upon reconsideration. Plaintiff requested an administrative hearing, which was held on August 1, 2012, before Administrative Law Judge ("ALJ") Mark C. Ramsey. In a September 11, 2012, decision, the ALJ concluded that plaintiff is not disabled based on the following findings:
>
> 1. The claimant has not engaged in substantial gainful activity since April 20, 2011, the application date (20 CFR 416.971 *et seq.*).
>
> 2. The claimant has the following severe impairments: PTSD, diabetes, depression, anxiety, and history of drug abuse (20 CFR 416.920(c)).
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of medium work as defined in 20 CFR 416.967(c). Mentally, he is able to perform simple unskilled work without frequent public or fellow employee contact.
>
> 5. The claimant is capable of performing past relevant work (work performed within the past 15 years, performed long enough to learn the work, and performed as substantial gainful activity). This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 416.965).
>
> 6. The claimant has not been under a disability, as defined in the Social Security Act, since April 20, 2011, the date the application was filed (20 CFR 416.920(f)). (CAR 8-16).
>
> After the Appeals Council declined review on December 5, 2013, this appeal followed.

Findings and Recommendations (F&Rs) 1–3, ECF No. 25 (footnote omitted).

Hamilton sought judicial review in this court and now moves for summary judgment, advancing arguments in three categories. *See* Pl.'s Mot. Summ. J., ECF No. 17. The Commissioner filed a cross-motion, which addresses essentially the same three points. *See* Def.'s Mot. Summ. J. 8 & n.5, ECF No. 23. First, Hamilton argues the ALJ did not properly develop the record and evaluate whether he suffers from an intellectual disability. Pl.'s Mot. at 10–13. Second, he argues the ALJ did not properly weigh opinion evidence when he made his decision about the plaintiff's residual functional capacity. *Id.* at 13–18. And third, he argues the ALJ did not properly evaluate his testimony and another witness's statements. *Id.* at 19–22. The magistrate judge accepted the first of these arguments, rejected the second and third, and recommended the case be remanded for further proceedings. *See* F&Rs at 4–14. With respect to this first argument, the magistrate judge determined that although Hamilton had claimed no intellectual disability, evidence had come to light that could have led the ALJ to conclude that Hamilton was intellectually disabled. *Id.* at 5–7. Therefore, the magistrate judge determined, because the ALJ did not investigate Hamilton's intellectual disability to a greater extent, he committed reversible error. *Id.* at 7.

Hamilton filed no objections, but the Commissioner objected to the magistrate judge's decision to accept Hamilton's first argument. *See* Objections, ECF No. 26.

II.   JURISDICTION AND STANDARD OF REVIEW

Section 405(g) of Title 42, United States Code, provides for judicial review of the Social Security Administration's disability determinations.[1] "An ALJ's disability determination should be upheld unless it contains legal error or is not supported by substantial evidence." *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person

---

[1] That section provides, in relevant part, "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . in the district court of the United States for the judicial district in which the plaintiff resides . . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). The court must review the record as a whole, but the ALJ is responsible for weighing the credibility of evidence and resolving evidentiary conflicts. *Garrison*, 759 F.3d at 1009–10. If the evidence would support both upholding and reversing the ALJ's decision, the district court affirms that decision rather than substituting its own judgment for that of the ALJ. *Id.* at 1010. But the court cannot affirm by simply "isolating a specific quantum of supporting evidence," *Lingenfelter*, 504 F.3d at 1035, and cannot affirm the ALJ's decision for reasons she did not herself rely on, *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

Here, as the matter is before this court on review of a magistrate judge's findings and recommendations, the court must make a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." *Id.*

III. DISCUSSION

The court has reviewed the record, the parties' briefing, and the magistrate judge's findings and recommendations, and adopts the magistrate judge's thorough consideration of Hamilton's second and third arguments. *See* F&Rs at 7–14. In these respects, the ALJ committed no error. This leaves Hamilton's argument that the ALJ erred because he did not further develop evidence of Hamilton's mental impairment. *See* Pl.'s Mot. Summ. J. 10–13. The court first reviews the statutory and regulatory background.

A. Statutory and Regulatory Background

"Disability claims are evaluated using a five-step sequential analysis," *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see also* 20 C.F.R. § 404.1520(a)(4):

- First, "the ALJ determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant is not disabled." If not, the ALJ proceeds to the next step.

/////

/////

4

- Second, the ALJ "evaluates whether the claimant has a medically severe impairment or combination of impairments. If not, the claimant is not disabled." If so, then the ALJ proceeds to the next step.
- Third, the ALJ "considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, App. 1. If so, the claimant is automatically presumed disabled." If not, the ALJ proceeds to the next step.
- Fourth, the ALJ "assesses whether the claimant is capable of performing her past relevant work. If so, the claimant is not disabled." If not, the ALJ proceeds to the next step.
- Fifth, the ALJ "examines whether the claimant has the residual functional capacity ('RFC') to perform any other substantial gainful activity in the national economy. If so, the claimant is not disabled. If not, the claimant is disabled."

*Burch*, 400 F.3d at 679. "The burden of proof is on the claimant at steps one through four, but shifts to the Commissioner at step five." *Garrison*, 759 F.3d at 1011 (quoting *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009)); *see also* 42 U.S.C. § 423(d)(5)(A) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require.").

The parties' dispute concerns the ALJ's analysis at step three and the definition of "intellectual disability" under Listing 12.05(C) of 20 C.F.R. Part 404, subpart P, Appendix 1. F&Rs at 5–7; Pl.'s Mot. at 10–11; Def.'s Mot. at 8–15. Listing 12.05 provides in relevant part as follows:

> Intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> . . .

5

> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function; . . . .

20 C.F.R. Part 404, subpt. P, App. 1, Listing 12.05.

With these rules and process in mind, the court turns to the dispute at hand.

### B. Whether the ALJ Was Required to Consider Listing 12.05(C)

Hamilton bore the burden to present evidence of his disability, *Garrison*, 759 F.3d at 1011, but he did not allege he suffered from an intellectual disability, and he did not present evidence to show he suffered from an intellectual disability; rather, at an August 2012 hearing, Hamilton mentioned he had been in special education and described himself as "slow," *see* Hr'g Tr. (Aug. 1, 2012), CAR 47, ECF No. 12-3, and his IQ tests resulted in a score within the range identified by Listing 12.05(C). But neither Hamilton nor his attorney developed this evidence, he was not diagnosed with an intellectual disability, and counsel agreed the ALJ had received Hamilton's complete medical records. The ALJ therefore did not commit error by omitting consideration of any possible intellectual disability under Listing 12.05.

In some cases, the Ninth Circuit has held that an ALJ has an independent obligation to flesh out evidence of a disability for which the claimant did not advocate, but those decisions do not require reversal here. A representative example is *Celaya v. Halter*, 332 F.3d 1177 (9th Cir. 2003). In *Celaya*, the Ninth Circuit reviewed an ALJ's decision that a claimant was not disabled despite her obesity, diabetes, and hypertension. *See id.* at 1179–80. On appeal, the Ninth Circuit found that the ALJ had erred by not considering the interaction of the claimant's obesity with her other impairments, despite her failure to expressly raise obesity as a disabling factor. *Id.* at 1182–83. The Circuit cited three reasons for its decision: (1) the evidence implicitly raised the issue of obesity; (2) the record clearly showed claimant's obesity fell just short of a listing condition that would have entitled her to a presumption of a disability; and (3) she was both illiterate and unrepresented by counsel. *Id.* at 1182.

The third reason appears to have been particularly significant to the circuit court, which explained that the ALJ had a pressing responsibility to "fairly develop the record and assure the claimant's interests are considered" in light of the claimant's pro se status and

illiteracy. *Id.* at 1183 (citing *Higbee v. Sullivan*, 975 F.2d 558, 561 (9th Cir. 1992), and *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983)). The *Celaya* court quoted the following passage from *Higbee*:

> "[T]he ALJ is not a mere umpire at such a proceeding, but has an independent duty to fully develop the record, especially where the claimant is not represented: . . . it is incumbent upon the ALJ to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts. He must be especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited."

*Id.* (quoting 975 F.2d at 561) (alterations in *Celaya*); *see also Cox v. Califano*, 587 F.2d 988, 991 (9th Cir. 1978) (same).

A dissenter disagreed with the *Celaya* majority's decision in this respect. *See id.* at 1184–86 (Rawlinson, J., dissenting). The dissenting judge worried the majority's decision risked "transform[ing] Social Security administrative hearings into séance-like proceedings where the ALJ must divine implicit impairments, diagnose disabilities lying close to the listing criterion and detect any aura compelling further development of the record." *Id.* at 1186. The majority responded to this criticism by emphasizing that the claimant's obesity would have been apparent to the ALJ upon meeting her in person, as would have, for example, a missing limb. *See id.* at 1183 n.3.

To explain her concerns, the *Celaya* dissenter distinguished *Sampson v. Chater*, 103 F.3d 918 (9th Cir. 1996). *See id.* at 1185. In *Sampson*, the Ninth Circuit reversed a Social Security disability determination because the ALJ had not "develop[ed] the record fully and fairly," as he was required to do "when a claimant is unrepresented." 103 F.3d at 922. Specifically, the Circuit cited the ALJ's failure to explore why the claimant's medical records included an eleven-year gap after the time he was diagnosed with multiple sclerosis and began experiencing difficulty walking and had blurred vision, numbness, back pain, and muscle spasms. *Id.* at 920, 922. The ALJ had also disregarded the claimant's testimony as non-credible without explanation. *Id.* at 922.

In *Burch v. Barnhart*, the Circuit distinguished *Celaya* two years after it was decided. *See Burch*, 400 F.3d at 682; *see also Broom v. Colvin*, No. 14-04153, 2015 WL

7

1180514, at *4 (C.D. Cal. Mar. 13, 2015) (comparing *Celaya* and *Burch* and finding *Burch* limited the holding of *Celaya*). In *Burch*, unlike *Celaya*, the claimant was represented by counsel, and the claimant did not explain or show why her obesity was the equivalent of a listed condition. *See* 400 F.3d at 682–83.[2] The *Burch* court cited the general rule that "a claimant carries the initial burden of proving a disability." *Id.* at 683 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)). It noted a claimant "bears the burden of proving that . . . she has an impairment that meets or equals the criteria of an impairment listed in Appendix 1 of the Commissioner's regulations." *Id.* And it held, "An ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence." *Id.* Although the *Burch* court's decision describes a claimant's burden with respect to equivalency, an issue not before this court, its conclusion is nonetheless persuasive. The same general standard of review applies, a claimant bears the same burden, and both this case and *Burch* concerned a represented claimant.

Here, unlike in *Celaya*, *Higbee*, *Cox*, and similar cases, the claimant was represented by counsel, and the ALJ did not overlook critical evidentiary shortfalls. Hamilton did not allege he suffered from an intellectual disability and did not attempt to show he met the requirements of Listing 12.05(C). *See* F&Rs at 5–6. At the beginning of a hearing before the ALJ in August 2012, Hamilton's attorney confirmed the medical records before the ALJ were "up-to-date," confirmed he had no objections that prevented those exhibits' admission in the record, requested no further development of the evidence, and filed no brief. *See* CAR 22. The ALJ allowed Hamilton's attorney to ask Hamilton questions about what "medical problems" kept him from work. *Id.* at 40. But, as noted above, counsel did not address whether Hamilton suffered from an intellectual disability, even though Hamilton mentioned he had been in special education and described himself as "slow." *See id.* at 47. At the end of the hearing, counsel

---

[2] In the years between the ALJ decisions at issue in *Celaya* and *Burch*, the Social Security Administration removed obesity from the listing of impairments. *See Celaya*, 332 F.3d at 1181 n.1 (citing 64 Fed. Reg. 46,122).

confirmed the ALJ had "all of Mr. Hamilton's medical records." *Id.* at 53. The proceedings before the ALJ are therefore not an example of an obviously overlooked disability and underdeveloped record.

This case also lacks the sort of objective indications of disability the *Celaya* majority drew on to assure itself that its ruling would not force an ALJ to "divine implicit impairments" from the record. 332 F.3d at 1183 n.3. After reviewing the transcript of the August 2012 hearing before the ALJ, this court finds that no "combination of a condition's presence in the record and in person trigger[ed] a need for review." *Id.* Rather, among other evidence, the ALJ saw that Hamilton had worked in several unskilled positions, CAR 26–27, maintained his personal hygiene on his own, CAR 48, usually took medication on his own, *id.*, and completed eleventh grade, CAR 162. Although Hamilton's IQ scores fell within the range identified in Listing 12.05(C) and some evidence suggested his attention, short-term memory, and ability to learn new information were poor, *see* CAR 666–72, he had received no diagnosis of an intellectual disability; rather, his medical treatment consistently focused on the other impairments for which he specifically sought disability benefits, *see, e.g.*, CAR 652–53, 666–72. In light of this evidence, the court finds there is no basis for it to substitute its judgment for that of the ALJ.

IV.     CONCLUSION

Hamilton's motion for summary judgment is DENIED, and the Commissioner's cross-motion is GRANTED.  CASE CLOSED.

IT IS SO ORDERED.

DATED: March 28, 2016.

_____
UNITED STATES DISTRICT JUDGE